[Civ. No. 907. Second Appellate District.—April 17, 1911.]

RAY HAWLEY, Respondent, v. THE LOS ANGELES CREAMERY COMPANY, a Corporation, et al., Defendants; BELLE VERNON FARMS COMPANY, a Corporation, Appellant.

NEGLIGENCE—INJURY TO DRIVER OF MILK WAGON—UNSAFE HORSES AND HARNESS—FINDINGS—JUDGMENT AGAINST APPELLANT UNSUPPORTED. In an action by the plaintiff against two dairy companies for injury sustained by him as a driver of a milk wagon in Los Angeles for alleged negligence of both in furnishing unsafe horses and harness,

causing a runaway, where a judgment for damages was rendered against both companies, it is held that findings that the appellant company did not carry on a dairy business in Los Angeles but had leased its plant therein to its codefendant, the Los Angeles Creamery Company, and more than one year before the accident had sold all of its wagons, teams, harness and other appliances to that company; that plaintiff was employed by said Los Angeles Creamery Company, and that it furnished the unsafe horses and harness, and that plaintiff complained to its manager of their unsafe condition, are inconsistent with and cannot support the judgment for damages against the appellant.

ID.—IMMATERIAL FINDING—HOLDING JOINT OPERATION OUT TO PUBLIC.— It is held that, in view of the other findings, a finding that the appellant company held out to the public and to plaintiff that it was operating with the Los Angeles Creamery Company, a branch thereof, is immaterial, and cannot prevent the conclusion that the judgment against the appellant is clearly not sustained by the findings, and that no liability of the appellant company for damages can be predicated thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

M. E. C. Munday, for Appellant.

J. Vincent Hannon, and Hannon & McCormick, for Respondent.

Hatch & Lloyd, for Los Angeles Creamery Co., Codefendant.

JAMES, J.—Plaintiff was awarded a judgment for the sum of $3,750 against defendants. His cause of action as set out in the complaint was for damages alleged to have been sustained through the negligent act of said defendants. This appeal is taken by the Belle Vernon Farms Company from a judgment and also from an order denying its motion for a new trial.

Plaintiff was employed to drive a milk delivery wagon. On the thirteenth day of February, 1908, the team driven by him became unmanageable and ran away, throwing plaintiff from the wagon and causing his foot to be caught and crushed

under the hind wheel thereof.   In plaintiff's complaint it is alleged that the horses furnished to him to drive on the milk delivery wagon were wild and unbroken, and that the harness which he was required to use was worn, weak and unsafe; that he had called the attention of his employers to the unsafe condition of the harness and requested that they furnish him with a good and safe set to be used upon the horses, but that his request had not been heeded; that portions of the harness broke, whereupon the team was caused to run away and plaintiff was injured as before stated.

It is the contention of appellant that there was no evidence tending to show any liability on its part for any of the alleged damage caused to plaintiff.   It is also urged that upon the facts as found by the court no judgment should have been rendered against appellant.

The trial court found that at all of the times mentioned in the complaint of plaintiff, defendants had represented and held out to the public and to the employees of the Los Angeles Creamery Company, including the plaintiff, that the Belle Vernon Farms Company was operating with and as a branch of the Los Angeles Creamery Company in carrying on and conducting a general dairy business, and "that the said employees working at and from the said Belle Vernon Farms Company plant were under the employ of the said Belle Vernon Farms Company operating as aforesaid as a branch of the said Los Angeles Creamery Company."   This further finding follows: "That during said time the said Belle Vernon Farms Company did not carry on or conduct such dairy business in the said city of Los Angeles, nor did it maintain, operate or conduct as incidental to such business, or at all, any delivery system for the purpose of selling or delivering milk, or other dairy products, in the said city of Los Angeles, but at all times mentioned in said complaint owned the land and buildings in the said city of Los Angeles upon which was situated a dairy plant known as the Belle Vernon Farms Company plant, and which said land and buildings were during all of said time held under lease by the said defendant, Los Angeles Creamery Company, a corporation, and on or about the first day of January, 1907, the said Los Angeles Creamery Company purchased and took over from the said Belle Vernon Farms Company all wagons, teams, harness and other ap-

pliances of a milk delivery system and the Los Angeles Creamery Company at all times mentioned in said complaint operated such Belle Vernon Farms Company plant as a part of its dairy system in the said city of Los Angeles.'' The court then found specifically that plaintiff was employed by the Los Angeles Creamery Company as a driver and delivery-man on one of its wagons, and that he was continuously employed by said Los Angeles Creamery Company from the fifteenth day of October, 1907, up to and including the thirteenth day of February, 1908, during which period he suffered the injuries complained of. The court also found that the horses and harness furnished to plaintiff to drive were furnished by the Los Angeles Creamery Company, and that the complaint made by plaintiff of the unsafe condition of the harness being used by him was made to the manager of the Los Angeles Creamery Company. No liability for damages against the Belle Vernon Farms Company can be predicated upon these findings of fact. It is nowhere found that through any secret understanding between the Los Angeles Creamery Company and the Belle Vernon Farms Company, or any concealment of any sort, plaintiff was deceived as to which of the defendants he was being employed by, nor as to which had furnished him with the horses and harness for use on the delivery wagon. On the other hand, it is expressly found, not only that his employment was with the Los Angeles Creamery Company, but that if there was any negligence on the part of either company in furnishing unsafe horses or harness, it was the negligence of the Los Angeles Creamery Company and not the Belle Vernon Farms Company. The finding that the Belle Vernon Farms Company held out to the public and to plaintiff that it was operating with the Los Angeles Creamery Company, or as a branch thereof, becomes immaterial in the face of the other findings referred to. The judgment against the Belle Vernon Farms Company is, therefore, clearly not sustained by the findings.

As the judgment must be reversed, it will be unnecessary to consider the question of the insufficiency of the evidence as presented by appellant on its motion for a new trial.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.